UNITED STATES MAGISTRATES COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

UNITED STATES OF AMERICA,          :
                                              07-MJ-116 (RML)

          v.                       :

MARIE HAWKINS,                     :        **Notice of Motion**

                    Defendant.     :

-----------------------------------x

**Please take notice**, that upon the annexed affirmation of

**David Klem, Esq.,** the exhibits attached thereto, and the

accompanying Memorandum of Law, the undersigned will move this

Court before the Honorable Robert M. Levy, United States

Magistrate Judge for the Eastern District of New York, at a time

to be determined by the Court, for an ORDER directing the

government to clarify the charges against Ms. Hawkins or, in the

alternative, dismissing the charges; and granting such other

relief as this Court may deem just and proper.

Dated:    New York, New York
          March 12, 2007


                         DAVID KLEM, ESQ. (DK-5665)
                         Washington Square Legal Services
                         Attorney for Defendant
                         **Marie Hawkins**
                         245 Sullivan St., 5th Floor
                         New York, New York 10012
                         Tel.: (212) 998-6643
                         By:  **Ty Amass**
                              **Carolyn O'Leary**
                              **Eric Ruben**
                              Student Attorneys

To: **Alvin Chee**
Clerk for Petty Offense Matters
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York  11201

Deborah Mayer, Esq.
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
147 Pierrepont Street
Brooklyn, New York  11201
    **Lee Jacobs**, Student Attorney
    **Carla Cheung**, Student Attorney
    **Meghan Towers**, Student Attorney

UNITED STATES MAGISTRATES COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA,            :

      v.                             :        Affirmation

MARIE HAWKINS,                       :        07-MJ-116 (RML)

               Defendant.      :

------------------------------------x

    I, **David Klem, Esq.**, an attorney admitted to the Bar of this Court, affirm under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

    1.  I am a supervising attorney with Washington Square Legal Services, Inc., which was appointed by this Court on February 23, 2006, to represent defendant Marie Hawkins in the above-captioned petty-offense matter.

    2.  I make this affirmation in support of the instant motion to direct the government to clarify the charges against Ms. Hawkins or dismiss the accusatory instruments.  All statements herein are based on information and belief, unless otherwise indicated.

    3.  On January 2, 2006, Ms. Hawkins was issued three violation notices: for simple assault; for disorderly conduct; and for resisting arrest.  By letter dated March 2, 2007, the government has announced that it will be dismissing the resisting

1

arrest charge, but continuing with the simple assault and
disorderly conduct charges.


The Simple Assault Charge

     4.   By violation number 0079477, Ms. Hawkins was charged
with simple assault in violation of 18 U.S.C. § 113(e).  A copy of
that violation notice is attached as Exhibit A.  By oral amendment
at the February 26, 2007, status conference, the government
clarified that Ms. Hawkins was charged with violating 18 U.S.C. §
113(a)(5).

     5.   18 U.S.C. § 113(a)(5) proscribes committing "[s]imple
assault" "within the special maritime and territorial jurisdiction
of the United States."  "Simple assault" is not defined within the
statute.  Instead, that phrase encompasses the common law meaning.
United States v. Chestaro, 197 F.3d 600 (2d Cir. 1999).  Under the
common law, simple assault can be committed in two distinct ways:
"by either a willful attempt to inflict injury upon the person of
another, or by a threat to inflict injury upon the person of
another which, when coupled with an apparent present ability,
causes a reasonable apprehension of immediate bodily harm."
United States v. Johnson, 637 F.2d 1224, 1242 n.26 (9th Cir. 1980)
(internal quotations and citations omitted).

     6.   The probable cause statement, which is part of the

2

violation notice, alleges that:

> On January 2, 2006 the Defendant Marie Hawkins did verbally abuse Complainant #1 (Nurse Phillips) by uttering threatening and racist remarks, "I will wait for you outside," "You're not going to see this white bitch before me" and "the nurse is not leaving until I'm seen before this white bitch." Defendant Hawkins also became irate and physically shoved complainant. She then began kicking Sgt. Claude Cleare while also flaring her arms at the officers on the scene. For their safety, they were required to physically bring Ms. Hawkins hands behind her back to handcuff her after she failed to voluntarily comply with their requests to do so. As a result of the defendant's actions two police officers sustained physical injuries.

See Exhibit A.

7.    As is evident, the single violation notice appears to contain allegations of at least four different assaults: (i) the threat to Nurse Phillips; (ii) the physical shoving of Nurse Phillips; (iii) the kicking of Officer Cleare and "flaring" of her arms at him; and (iv) the injury to the second police officer.

8.    For the reasons explained in the attached memorandum of law, that violation notice is defective in that it charges multiple simple assault offenses within a single count.  As such, the simple assault charge should be dismissed or the government should be directed to clarify for which specific offense it is seeking to prosecute Ms. Hawkins.

3

The Disorderly Conduct Charge

9.   By violation number 0079476, Ms. Hawkins was charged

with disorderly conduct in violation of 38 C.F.R. § 1.218(b)(11).

A copy of that violation notice is attached as Exhibit B.  By

letter dated March 2, 2007, the government has clarified that Ms.

Hawkins has been charged with violating the conduct provisions of

38 C.F.R. § 1.218(a)(5) as penalized by 38 C.F.R. § 1.218(b)(11).

10.   38 C.F.R. § 1.218(a)(5) proscribes:

> Conduct on property which creates loud or unusual
> noise; which unreasonably obstructs the usual use
> of entrances, foyers, lobbies, corridors, offices,
> elevators, stairways, or parking lots; which
> otherwise impedes or disrupts the performance of
> official duties by government employees; which
> prevents one from obtaining medical or other
> services provided on the property in a timely
> manner; or the use of loud, abusive, or otherwise
> improper language; or unwarranted loitering,
> sleeping, or assembly . . . .

Conduct in violation of 38 C.F.R. § 1.218(a)(5) "subjects an

offender to arrest and removal from the premises."  38 C.F.R.

§ 1.218(b).

11.   Not all of the conduct proscribed in 38 C.F.R. §

1.218(a)(5) is criminalized.  Only if the conduct proscribed

in 38 C.F.R. § 1.218(a)(5) is also covered in the "[s]chedule

of offenses and penalties" in 38 C.F.R. § 1.218(b) is an

offender subject to a fine and penal sanction.  As is

relevant to this case, "[d]isorderly conduct" that "creates

4

loud, boisterous, and unusual noise"; "obstructs the normal use of entrances, exits, foyers, offices, corridors, elevators, and stairways"; or "tends to impede or prevent the normal operation of a service or operation of the facility" subjects an offender to penal sanctions.  38 C.F.R. § 1.218(b)(11).

12.  The probable cause statement, which is part of the violation notice, alleges that:

> On January 2, 2006, the defendant Marie Hawkin [sic] did intentionally use racist, abusive and obscene language in a public place- The Brooklyn Veterans Administration Medical Center Emergency Room, saying to civilian employee, Nurse Philips 1) I will wait for you outside 2) you are not going to see this bitch before me" and 3) "The nurse is not leaving until I'm seen before this white bitch." Defendant Hawkins also became combative, irate and intentionally physically shoved complainant without cause or justification. Defendant Hawkins without reason did also barricade herself in a room and IR refused to leave for several minutes. She engaged in this behavior in view of several civilian persons in the waiting area while also obstructing the use of the VA's emergency room and emergency room corridor while impeding and disrupting the normal performance of official duties by Government employees. The defendant's actions prevented veteran patients from obtaining medical or other services provided on VA property in a timely manner.

<u>See</u> Exhibit B.

13.  As is evident, the single violation notice appears to contain allegations of at least five different offenses proscribed by 38 C.F.R. § 1.218(a)(5): (i) using loud, abusive, or otherwise

improper language when talking to Nurse Phillips; (ii) impeding or disrupting the performance of Nurse Phillips' official duties; (iii) unreasonably obstructing the usual use of the area by barricading herself in a room; (iv) impeding and disrupting the performance of unspecified government employees; and (v) preventing patients from obtaining medical or other (unspecified) services in a timely manner.

14.   For the reasons explained in the attached memorandum of law, that violation notice is defective in that it charges multiple disorderly conduct offenses within a single count.  As such, the disorderly conduct charge should be dismissed or the government should be directed to clarify for which specific offense it is seeking to prosecute Ms. Hawkins.

15.   In addition, for the reasons explained in the attached memorandum of law, the government should be precluded from prosecuting Ms. Hawkins for "us[ing] loud, abusive, or otherwise improper language" as that subsection of the regulation is overbroad and, as applied to Ms. Hawkins, would seek to punish her for protected speech.

WHEREFORE, this Court should direct the government to specify what Ms. Hawkins is charged with, dismiss the two charges, and/or grant whatever other and further relief this Court deems just.

DATED: New York, New York
       March 12, 2007

_____
DAVID KLEM, ESQ. (DK-5665)

```
UNITED STATES MAGISTRATES COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x

UNITED STATES OF AMERICA,          :
                                            07-MJ-116 (RML)
          v.                       :

MARIE HAWKINS,                     :

                    Defendant.     :
----------------------------------x
```

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO SPECIFY CHARGES**

<u>Preliminary Statement</u>

The defendant, Marie Hawkins, moves to dismiss or compel amendment of the government's charges of simple assault and disorderly conduct, because the violation notices are invalidly duplicitous in violation of the Rules 7 and 8, Fed. R. Crim. P., and the Fifth Amendment.  Further, the defendant seeks an order to prevent the charging of the disorderly conduct offense based on "the use of loud, abusive, or otherwise improper language," because as applied to this case conviction under that offense would violate the defendant's First Amendment right to free speech.

<u>Factual Background</u>

The factual background is set forth in the attached Affirmation of counsel.

1

ARGUMENT

POINT I

THE VIOLATION NOTICES CHARGING MS. HAWKINS
WITH SIMPLE ASSAULT AND DISORDERLY CONDUCT ARE
DUPLICITOUS IN THAT THEY ALLEGE MULTIPLE
OFFENSES WITHIN A SINGLE CHARGE

"The rule against duplicity prohibits the Government from joining two or more distinct offenses in a single count." United States v. Coffey, 361 F. Supp. 2d 102, 109 (E.D.N.Y. 2005) (Glasser, D.J.); see also United States v. Aracri, 968 F.2d 1512, 1518 (2d Cir. 1992) (holding that a charge is duplicitous and invalid when it "joins two or more distinct crimes in a single count"); United States v. Walsh, 194 F.3d 37, 46 (2d Cir. 1999) (same).  Because both the simple assault charge and the disorderly conduct charge join multiple distinct offenses into single charges, they are duplicitous.

"The test to be applied to determine whether there are two offenses or only one offense charged is 'whether each provision in the count requires proof of a fact which the other does not.'" Coffey, 361 F. Supp. 2d at 109-10, quoting Blockburger v. United States, 284 U.S. 299, 304 (1932).  Phrased differently, "the test for determining whether several offenses are involved in a count attacked as duplicitous . . . [is] 'whether identical evidence will support each of them, and if any dissimilar facts must be proved, there is more than one offense.'"  United States v.

2

Kearney, 451 F.Supp. 33, 37 (S.D.N.Y. 1978), quoting Bins v. United States, 331 F.2d 390, 393 (5th Cir. 1964).

Under either formulation of that test, the simple assault charge is duplicitous.  The simple assault violation notice references at least four separate assaults.  Different assaults upon different people cannot be charged in a single count.  Each assault would require proof of an action (verbal or physical) against a different complainant and thus is a separate offense. For example, evidence that Ms. Hawkins physically assaulted Officer Cleare would be distinct from proof that she verbally threatened Nurse Phillips, and the elements of those two offenses are different.  The violation notice charging simple assault is, therefore, duplicitous.

Similarly, the disorderly conduct charge is duplicitous.  The evidence that will support disorderly conduct because of "the use of loud, abusive, or otherwise improper language" will differ from the evidence that will support disorderly conduct because of conduct "which unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots."  The elements of those two offenses would be quite distinct, having virtually nothing in common.  Similar differences in evidence and in elements attend to the other versions of disorderly conduct contained in 38 CFR § 1.218(a)(5).  Because the

proof of Ms. Hawkins conduct and the effect that conduct had is different, the violation notice regarding disorderly conduct is duplicitous.

Although not every charge that violates those tests is impermissibly duplicitous, where a duplicitous count "risks unfairness to the defendant" it is disallowed.  United States v. Margiotta, 646 F.2d 729, 733 (2d Cir. 1981).  Unfairness is measured by the "'policy considerations' that underlie the doctrine." Id. quoting Murray, 618 F.2d at 897.  Those considerations include:

> [A]voiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution.

Id.; see also United States v. Maloney, 287 F.3d 236, 239 (2d Cir. 2002).

The policy considerations which guard against unfairness are clearly implicated in the instant case.  Without a narrowing of the simple assault charge, there is no way to know whether Ms. Hawkins is being tried for the alleged assault on nurse Phillips, Officer Cleare, or someone else.  If convicted, we will not know whether the fact finder found her guilty of one assault and not

4

guilty of another.  Without narrowing the disorderly conduct charge, the fact finder will have no idea what elements the government must prove and, given the vastly disparate nature of the different claims of disorderly conduct – everything from use loud language to preventing others from getting medical treatment – Ms. Hawkins is not properly on notice as to what she needs to defend against.  If convicted, we will not know the basis of conviction.  The defense simply does not have adequate notice of the charges.

Moreover, none of the exceptions which permit duplicity in charging documents are applicable to either the simple assault or the disorderly conduct charge.  Counts charging continuous crimes, such as conspiracy, do not violate the rule against duplicity even if they allege "acts that could be charged as separate counts." United States v. Aracri, 968 F.2d at 1518.  Simple assault, however, is not a continuous crime, particularly where the allegation involves separate actions against different individuals.  While disorderly conduct may be a continuous crime, that finding would merely permit the Government to introduce a variety of acts that might – together or apart – add up to disorderly conduct under one of the distinct methods of committing the offense.  It would not, however, allow the Government to conflate all of the different proscribed offenses that separately

5

and individually constitute disorderly conduct into a single charge.

The violation notices are not saved here because the Government is permitted to allege "two or more means of committing the same crime in a single count . . . ." Coffey, 361 F. Supp. 2d at 110; see also United States v. Murray, 618 F.2d 892, 899 & n.7 (2d Cir. 1980).  Assault against Officer Cleare is not the "same crime" as assault against nurse Phillips.  And disorderly conduct by using "loud, abusive or otherwise improper language" is not the same offense as disorderly conduct by obstructing the usual use of the lobby.  See generally Blockburger, 284 U.S. at 304.  The Government is not alleging different means of committing the same offense, but alleging different means of committing different offenses.

While the normal remedy for duplicitous counts is a dismissal, given the nature of the case and the context of the claim, the defect can be remedied here by the Government clarifying with which simple assault they are charging Ms. Hawkins and by choosing one of the types of disorderly conduct with which to prosecute Ms. Hawkins.  If the Government declines to do so – as they have thus far done when asked by the defense – the charges should be dismissed.

<u>POINT II</u>

THE GOVERNMENT SHOULD NOT BE PERMITTED TO
PURSUE A THEORY OF DISORDERLY CONDUCT BY "THE
USE OF LOUD, ABUSIVE, OR OTHERWISE IMPROPER
LANGUAGE" BECAUSE TO DO SO WOULD VIOLATE THE
FIRST AMENDMENT AS APPLIED TO MS. HAWKINS

Regardless of this Court's ruling regarding the duplicity motion, certain conduct alleged in the probable cause statement charging Ms. Hawkins with disorderly conduct is protected from prosecution by the First Amendment.  The probable cause statement for the disorderly conduct charge alleges that Ms. Hawkins "did intentionally use racist, abusive and obscene language in a public place."  According to the charging document, Ms. Hawkins said "I will wait for you outside," "you are not going to see this bitch before me," and "[t]he nurse is not leaving until I'm seen before this white bitch."  <u>See</u> Exhibit B.  That language could potentially form the basis of a prosecution under the theory that "the use of loud, abusive, or otherwise improper language" is proscribed by 28 U.S.C. § 1.218(a)(5).[1]

That speech, if it was uttered, is protected under the First Amendment.  While there are exceptions to protected speech, Ms.

---

[1] Arguably, because "the use of loud, abusive, or otherwise improper language" is listed only in the conduct portion of 38 C.F.R. § 1.218, but not in the penalty section, such conduct would, at most, subject an offender to arrest and removal, but not penal sanctions.  <u>See</u> Klem Aff'm, at ¶¶ 10-11.  The penalty provisions do, however, criminalize "[d]isordelry conduct which creates loud, boisterous, and unusual noise."  38 C.F.R. § 1.218(b)(11).  To the extent the Government will be seeking to punish Ms. Hawkins under that provision, it should be disallowed for the reasons explained herein.

Hawkins' alleged speech does not fall within those exceptions.
See Chaplinsky v. New Hampshire, 315 U.S. 568, 572 (1942).

Her speech was not obscene.  "[O]bscene material is material
which deals with sex in a manner appealing to prurient interest."
Ruth v. United States, 354 U.S. 476, 487 (1957); see also Cohen v.
California, 403 U.S. 15, 20 (1971).  Calling someone a bitch
cannot be said to "appeal to the prurient interest."

Ms. Hawkins' alleged speech did not include fighting words.
See Brandenburg v. Ohio, 395 U.S. 444 (1969); Houston v. Hill 482
U.S. 451 (1987).  Fighting words are "those which by their very
utterance inflict injury or tend to incite an immediate breach of
the peace."  Chaplinsky, 315 U.S. at 572; see also Virginia v.
Black, 538 U.S. 343 (2003).  Ms. Hawkins' words did not tend to
and did not incite an immediate breach of the peace, so they
cannot fall under this exception.

While the regulation at issue may well be overbroad on its
face, see Gooding v. United States, 405 U.S. 518, 525 (1972)
(striking down statute that outlawed opprobrious and abusive
speech); People v. Dietze, 75 N.Y.2d 47 (NY 1989) (striking down
New York's harassment statute which criminalized the use of
"abusive" language with intent to "harass" or "annoy"),
this Court need not decide that issue.  As applied to Ms. Hawkins,
the regulation is unconstitutional.  Ms. Hawkins had the right to

state her message that she was being treated unfairly and to demand medical treatment, even if others present did not want to hear her message.  The Government, therefore, should be precluded from pursuing the disorderly conduct charge on the theory that Ms. Hawkins' words constituted "the use of loud, abusive, or otherwise improper language."  28 U.S.C. § 1.218(a)(5).

<u>Conclusion</u>

Wherefore, it is respectfully requested that this Court enter an order directing that the government specify a single simple assault charge and a single disorderly conduct charge against Ms. Hawkins or dismiss the charges as being unlawfully duplicitous. Furthermore, it is respectfully requested that this Court bar the

9

government from pursuing the disorderly conduct charge based on

Ms. Hawkins' speech.

Dated:      New York, New York
            March 12, 2007


                                    _____
                                    DAVID KLEM, ESQ. (DK-5665)
                                    Washington Square Legal Services
                                    Attorney for Defendant
                                    **Marie Hawkins**
                                    245 Sullivan St., 5th Floor
                                    New York, New York 10012
                                    Tel.: (212) 998-6643

                                    By:  **Ty Amass**
                                         **Carolyn O'Leary**
                                         **Eric Ruben**
                                         Student Attorneys


To:   Deborah Mayer, Esq.
      Assistant U.S. Attorney
      United States Attorney's Office
      Eastern District of New York
      147 Pierrepont Street
      Brooklyn, New York  11201
            **Lee Jacobs**, Student Attorney
            **Carla Cheung**, Student Attorney
            **Meghan Towers**, Student Attorney

10

## Exhibit A

## STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

I state that on 01-02-2006 20_06 while exercising my duties as a law enforcement officer in the EASTERN District of NEW YORK

ON JANUARY 2, 2006 THE DEFENDANT MARIE HAWKINS DID VERBALLY ABUSE Co-DEFENDANT #1 (NURSE PHILIPS) by UTTERING THREATENING AND RACIAL REMARKS, "I WILL WAIT FOR YOU OUTSIDE" "YOU'RE NOT GOING TO SEE THIS WHITE BITCH before me" AND "HEY NURSE, I'M A LEGINTE BUSH." I'm SEEN BEFORE THIS CHIK BITCH, DEFENDANT HAWKINS ALSO BECAME IRATE AND PHYSICALLY STARTED Complaint SHE THEN BEGAN KICKING SGT. CLAUDE CLAUDE WHILE ALSO FINDING KEYRINGS AT TO OFFICERS ON THE SCENE FOR THEIR SAFETY. TO OFFICERS WERE REQUIRED to PHYSICALLY BRING MS. HAWKINS HANDS BEHIND HER BACK to HAND CUFF HER AFTER SHE FAILED to VOLUNTARILY COMPLY WITH THEIR REQUESTS to DO SO. AS A RESULT OF HER DEFENDANTS ACTIONS TWO POLICE OFFICERS SUSTAINED PHYSICAL INJURIES

The foregoing statement is based upon

- [x] my personal observation   [ ] my personal investigation
- [x] information supplied to me from my fellow officer's observation
- [ ] other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge

Executed on 01-02-7-000
Date (mm/dd/yyyy)

Officer's Signature

Probable cause has been stated for the issuance of a warrant

Executed on _____
Date (mm/dd/yyyy)          U.S. Magistrate Judge

---

# United States District Court
## Violation Notice

CVB Location Code   EY-S1

Violation Number **V 0079477**

Officer Name (Print) F. RODRIGUEZ 2-0506

Officer No **V 0079477**

**YOU ARE CHARGED WITH THE FOLLOWING VIOLATION**

Date and Time of Offense (mm/dd/yyyy) 01-02-2006 1957   WAS [ ]

Offense Charged [ ] CFR [x] USC [ ] STATE CODE   18 USC 113 (e)

Place of Offense 800 POY RACE BROOKLYN V.A. NY

Offense Description BUILDING 1 EMERGENCY ROOM   SIMPLE ASSAULT

---

**DEFENDANT INFORMATION**   Phone (718) 434-1059 6

Last Name HAWKINS   First Name MARIE   M.I. C

Street Address 1140 OCEAN AVE APT 40

City BROOKLYN   State NY   ZIP Code 11230

Drivers License No   D.L. State

Date of Birth (mm/dd/yyyy) 03-23-1959

Social Security No 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

[x] Adult [ ] Juvenile   Sex [ ] Male [x] Female   Eyes   Height   Weight

---

**VEHICLE DESCRIPTION**   VIN

Tag No   State   Year   Make/Model   Color

---

**IF BOX A IS CHECKED, YOU MUST APPEAR IN COURT** See Instructions (on back of yellow copy)

A [ ]

**IF BOX B IS CHECKED, YOU MUST PAY AMOUNT INDICATED BELOW OR APPEAR IN COURT** See Instructions (on back of yellow copy)

B [x]

$ ___ Forfeiture Amount
+ $25 Processing Fee
$ ___ Total Collateral Due

**PAY THIS AMOUNT** ▶

**YOUR COURT DATE**
(If no court appearance date is shown, you will be notified of your appearance date by mail)

Court Address   Date of Birth (mm/dd/yyyy)   FEB 23 2006   Time (hh:mm)

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt. I promise to appear for the hearing at the time and place instructed or pay the total collateral due

X Defendant Signature

VA FORM 0918-JUN 2006

Exhibit B

# United States District Court
## Violation Notice

| | | |
|---|---|---|
| Violation Number | Officer Name (Print) | Officer No |
| V 0079476 | I. RODRIGUEZ 2056 | V 0079476 |

**YOU ARE CHARGED WITH THE FOLLOWING VIOLATION(S)**

| Date and Time of Offense (mm/dd/yyyy) | Offense Charged ☐ CFR ☑ USC ☐ State Code |
|---|---|
| 01-02-2006 1850  was | 38 CFR 1.218 (b) (11) |

Place of Offense  800 POLY-PLACE BROOKLYN VA
BUILDING #1 EMERGENCY ROOM

Offense Description  DISORDERLY CONDUCT WHICH CREATES
LOUD, BOISTEROUS, AND UNUSUAL NOISE, WHICH TENDS TO
IMPEDE OR PREVENT THE NORMAL OPERATION OF A
SERVICE OR OPERATION OF THE FACILITY

### DEFENDANT INFORMATION  Phone (718) 434-6596

| Last Name | First Name | M.I. |
|---|---|---|
| HAWKINS | MARIE | C |

Street Address  1160 OCEAN AVE APT. 4D

| City | State | ZIP Code |
|---|---|---|
| BROOKLYN | NY | 11230 |

| Drivers License No | DL State | Social Security No |
|---|---|---|
| | | 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 |

| Date of Birth (mm/dd/yyyy) | | |
|---|---|---|
| 03-23-1959 | | |

| | Hair | Eyes | Height | Weight |
|---|---|---|---|---|

☑ Adult  ☐ Juvenile  Sex  ☐ Male ☑ Female  Color

### VEHICLE DESCRIPTION

| Tag No | State | Year | Make/Model | Color |
|---|---|---|---|---|
| | VIN | | | |

**A** ☐ IF BOX A IS CHECKED YOU MUST APPEAR IN COURT. See Instructions (on back of yellow copy)

**B** ☑ IF BOX B IS CHECKED, YOU MUST PAY AMOUNT INDICATED BELOW OR APPEAR IN COURT. See Instructions (on back of yellow copy)

$ 250.00  Forfeiture Amount
+ $25 Processing Fee
**PAY THIS AMOUNT** ▸ $ 275.00  Total Collateral Due

### YOUR COURT DATE
(If no court appearance date is shown, you will be notified of your appearance date by mail.)

| Court Address | Date of Birth (mm/dd/yyyy) |
|---|---|
| | FEB 23 2006 |
| | Time (th mm) |

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt. I promise to appear for the hearing at the time and place instructed or pay the total collateral due

X Defendant Signature

VA FORM 9019, JUN 2005

---

(For issuance of an arrest warrant or summons)

I state that on  JANUARY 2 , 2006 while exercising my duties as a
law enforcement officer in the  EASTERN  District of  NEW YORK

ON JANUARY 2, 2006, THE DEFENDANT MARIE HAWKINS
INTENTIONALLY USED RACIST, ABUSIVE AND OBSCENE LANGUAGE
ITS POINTE PLACE. THE BROOKLYN VETERANS ADMINISTRATION
MEDICAL CENTER EMERGENCY ROOM, Saying to civilian EMPLOYEE
NURSE Philip D) I WILL WAIT FOR YOU OUTSIDE 2) YOU ARE NOT
Going to See THIS BITCH BOTHER ME  AND 3) THE NURSE IS NOT
LEAVING UNTIL I'M SEEN BEFORE THIS WHITE BITCH'. DEFENDANT
HAWKINS ALSO BECAME COMBATIVE, IRATE, AND INTENTIONALLY
Physically STORED Complainant WITHOUT Cause as VA PUBLIC AREA.
DEFENDANT HAWKINS WITHOUT REASON DID WAS BELLIGERENT HERSELF
IN A ROOM, AND HE LOUDLY WAS REFUSED TO LEAVE FOR 5 (five)
minutes Slip Encounter IN THIS behaving in VIOLENT
Scream Calling PERSON IN the waiting area while ALSO
Obstructing the USE OF THE VAS EMERGENCY ROOM AND
EMERGENCY ROOM CORRIDOR while impeding AND DISRUPTING
THE NORMAL PERFORMANCE OF OFFICIAL DUTIES by Government
EMPLOYEES. THE DEFENDANT'S ACTIONS PREVENTED veteran
PATIENTS FROM OBTAINING MEDICAL or other SERVICES
PROVIDED ON VA PROPERTY IN A TIMELY MANNER.

The foregoing statement is based upon:

☑ my personal observation  ☐ my personal investigation
☐ information supplied to me from my fellow officer's observation
☐ other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge

Executed on  01-02-2006  _____
Date (mm/dd/yyyy)          Officer's Signature

Probable cause has been stated for the issuance of a warrant

Executed on _____  _____
Date (mm/dd/yyyy)          U.S. Magistrate Judge