U.S. Department of Justice
*United States Attorney*
*Eastern District of New York*

                                      *One Pierrepont Plaza*
                                      *Brooklyn, New York  11201*
                *Mailing Address:*   *147 Pierrepont Street*
                                      *Brooklyn, New York  11201*

April 6, 2007

Ty Amass, Erik Paulsen
Student Attorneys, Federal Defender Criminal Clinic
Washington Square Legal Services
161 Avenue of the Americas, 4th Floor
New York, New York 10013

                    Re:    United States v. Marie Hawkins
                              Docket Number: 07-MJ-00116 (RML)

Dear Mr. Amass and Mr. Paulsen:

        The government writes regarding the defendant's discovery obligations under the Federal Rules of Criminal Procedure. During plea negotiations conducted over the past week, the defense has indicated that it is contemplating calling an expert witness to testify during trial. Defense counsel has failed to provide any further detail regarding an expert witness. As defense counsel is aware, the defendant required to provide the government with "a written summary of any [expert] testimony . . . [and] [t]his summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." <u>Fed. R. Crim. Pro. 16(b)(1)(c).</u> The government has formally requested expert notification on November 15, 2006 and again on February 22, 2007. To date, the government has received no expert notification and cannot even venture a guess as to the subject matter for which an expert's testimony would be admissible. The notification requirement is included to allow the opposing party to make any appropriate motions and determine whether to obtain its own expert. As the defense is aware, trial is set for April 13, 2007. Any notice, at this late date, will not allow the government adequate time to respond.

        In addition, during previous communications, defense counsel has implied that the defendant's medical records and medical condition will become an issue at trial. The government has repeatedly requested that if the defense plans to raise any issue regarding the defendant's medical condition at trial, the government is entitled to the defendant's medical records. The government reiterates its request that the defense turn over the defendant's medical records immediately to allow the government sufficient time to review the records. Furthermore, it is the government's contention that if the defense intends to introduce only a portion of the

medical record, the defendant's entire medical record, is therefore admissible. Fed. R. Ev. 106 (stating that when a part of a writing is introduced by a party, the adverse party may require the introduction of any other part which in fairness be considered contemporaneously with it). See also Ottawa Office Integration Inc. v. FTF Business Systems, Inc., 132 F.Supp. 2d 215, 220 (S.D.N.Y. 2001) ("It is well settled that a party waives his doctor-patient privilege when he puts his medical condition into issue.").

Finally, in compliance with our continuing discovery obligations under Fed. Crim. Pro. 16(a)(1)(d) enclosed please find an updated copy of the defendant's criminal history in New York State as well as a copy of the Veteran's Affairs New York Healthcare System's Evidence Voucher Record for the months of October 1, 2005 through September 20, 2006.

If you have any questions or further requests, please do not hesitate to contact us.

Very truly yours,

ROSLYNN R. MAUSKOPF
United States Attorney

By: _____/S/_____
Deborah Mayer
Assistant U.S. Attorney
(718) 254-6241

By: _____
Lee Jacobs
Student Prosecutor

By: _____
Carla Cheung
Student Prosecutor

By: _____
Meghan Towers
Student Prosecutor